# TUCKER-OTTMAR FARMS, INC. *v.* DEPARTMENT OF REVENUE

Robert W. Collins, Attorney at Law, Pendleton, Oregon, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered October 6, 1970.

LOREN D. HICKS, Judge pro tempore.

Plaintiffs appeal from an order of the Department of Revenue which held that gain realized in 1965 and 1966 on a 1963 installment sale of property in the State of Washington was includable in the taxpayer's income in Oregon. The facts of the case are not in dispute.

Tucker-Ottmar Farms, Inc., was a Washington corporation conducting a general farming operation in

Washington and Oregon. The corporation owned real and personal farm property in both states and reported its income in Oregon on the unitary basis. The corporation is now in the process of liquidation and plaintiffs Clanton and Sherwood are liquidating trustees acting under the laws of Washington.

In 1963 Tucker-Ottmar sold farmland, buildings and equipment located in Washington. Gain from the sale was reported on the installment basis and was included as a part of the taxpayer's Oregon income tax liability for 1963. Installment payments received in 1965 and 1966 were not reported to the State of Oregon because plaintiffs believed that, pursuant to the Uniform Division of Income for Tax Purposes Act (ORS 314.605 to 314.670), which became effective in Oregon for tax years beginning on and after January 1, 1965, such receipts were not taxable in Oregon. Defendant disagreed and assessed a deficiency.

The plaintiffs admit, after first alleging to the contrary, that the farming operation in Washington and Oregon was unitary. They argue, however, that the gain from the disposition of the farm property was not "business income" because the sale was not a part of the corporation's regular trade or business. They say the corporation was in the farming business, not the buying and selling of property business, and therefore gain from the sale is nonbusiness income to be taxed only in Washington where the property was situated.

The position of the Department of Revenue is that the sale of the property was an integral part of the corporation's unitary farming operation and that therefore the gain is business income and must be apportioned between Washington and Oregon.

Parts of the Uniform Act pertinent to this case provide:

ORS 314.610(1):

" 'Business income' means income arising from transactions and activity in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, the management, use or rental, and the disposition of the property constitute integral parts of the taxpayer's regular trade or business operations."

ORS 314.615:

"Any taxpayer having income from business activity which is taxable both within and without this state, * * * shall allocate and apportion his net income as provided in ORS 314.605 to 314.675. * * *"

ORS 314.625:

"Rents and royalties from real or tangible personal property, capital gains, interest, dividends, or patent or copyright royalties, to the extent that they constitute nonbusiness income, shall be allocated as provided in ORS 314.630 to 314.645."

ORS 314.635:

"(1) Capital gains and losses from sales of real property located in this state are allocable to this state.

"(2) Capital gains and losses from sales of tangible personal property are allocable to this state if (a) the property had a situs in this state at the time of the sale, * * *."

ORS 314.650:

"All business income shall be apportioned to this state by multiplying the income by a fraction, * * *"

In effect, the above sections provide that all of a taxpayer's business income from a business operating in more than one state must be apportioned among those states on the formula basis; that the taxpayer's nonbusiness income from property will be allocated separately to the state in which the property is located; and that business income includes income from property if the acquisition, use and disposition of the property are integral parts of the taxpayer's business operations.

As a part of the principal question of whether the gain was business income, there is the question of the meaning of the provision, "constitute integral parts of the taxpayer's regular trade or business operations."

The plaintiffs argue that sale of the farm property was not an integral part of the unitary business because the farm business did not include the buying and selling of the farm assets. That, plaintiffs seem to say, is a different and separate business. Defendant contends that when assets are acquired for and used in the business and then sold by the business, such sale is an integral part of the business itself.

■ It is the opinion of the court that the defendant's interpretation is the correct one. The definition of business income in ORS 314.610(1) is aimed at the taxpayer's activities in operating his business—his creation, management, and control of the business. The intent of the statute is to provide that income from the sale of property is income of a particular business if the property was acquired for that business, used in that business and disposed of by that business. This is the situation in the case at hand. The farm property in question was acquired, owned, used and sold as an economic incident and component of the unitary farming

operation. Expenses of ownership of the property such as depreciation, maintenance and property taxes were legitimate deductions from business income as costs of the unitary business operations. The Tucker-Ottmar farming business included the cultivation and selling of crops. It also included as a part of the same business the acquisition, maintenance and retirement of the necessary farmland, facilities and equipment and the establishment and liquidation of the farm and its operations. All of these activities were essential elements of the unitary business and were dependent upon and contributed to each other.

No previous decisions interpreting the statutory language in question have been cited or found. However, the decision herein seems the logical one in view of the overall provisions and intent of the Uniform Act. Also it is in conformity to previous law. For instance, State Tax Commission Regulation 314.280(1)-(B) which was in effect in 1963 provided:

> "*Apportionment Income.* Income from property which is not a part of or connected with the unitary business is excluded from the income of a unitary business which is apportioned by formula. * * * The income from tangible and intangible personal property which is a part of or connected with the unitary business shall constitute apportionable income. * * *
>
> "* * * * *
>
> "The income from rents and the sale of tangible capital assets not used in the conduct of the business should be specifically allocated to the state in which is located the property from which the income is derived. Income from rents and the sale of tangible capital assets used in the conduct of the business should be apportioned."

It should also be noted that according to an article in 18 Ohio St L J 84, 101, the preliminary draft of the uniform law by the National Conference of Commissioners on Uniform State Laws provided that all capital gains would be taxable only in one state and would not be apportioned. The final draft that was adopted, however, contained the additional provisions and definitions making a distinction between the treatment to be given capital gains that constituted business income and those that constituted nonbusiness income. The drafters of the uniform law as well as the Oregon legislature could have adopted the original provision of allocating all capital gains to situs instead of differentiating between those arising from integral business assets and those from outside investments. The merits and logic of one theory over the other have been argued to great length. To assure fair and uniform treatment in all cases, the Uniform Act specifically provides in ORS 314.670 that:

"If the allocation and apportionment provisions of ORS 314.610 to 314.665 do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for and the commission may permit, or the commission may require, in respect to all or any part of the taxpayer's business activity, if reasonable:

"(1) Separate accounting;

"(2) The exclusion of any one or more of the factors;

"(3) The inclusion of one or more additional factors which will fairly represent the taxpayer's business activity in this state; or

"(4) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income."

The court finds that the 1963 sale of farm properties by Tucker-Ottmar Farms, Inc., was an integral part of the company's regular unitary business and that the 1965 and 1966 gains therefrom were taxable in Oregon as business income under ORS 314.605 to 314.670. The order of the Department of Revenue is affirmed.